UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH, CDCR #P-64019,<br><br>                              Plaintiff,<br><br>vs.<br><br>SGT. HAMPTON, C/O FLORES, and C/O COLON,<br><br>                              Defendants. | Case No.: 23-cv-1978-BAS-JLB<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Michael Lenior Smith, who is proceeding pro se and is currently housed at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  He has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), and although the Court has received a trust account statement from RJD, Plaintiff has not filed a Motion to Proceed *In Forma Pauperis* ("IFP").

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee, however, if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the Prison Litigation Reform Act ("PLRA") also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Although Plaintiff's trust account statement was submitted to the Court by RJD, he has not submitted the required affidavit stating what assets he possesses which would demonstrate an inability to pay. *See Escobedo*, 787 F.3d at 1234. Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *see also Andrews*, 493 F.3d at 1051.[2]

## II. Conclusion

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte*, without prejudice, based on

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Plaintiff is cautioned that the PLRA requires that all prisoners who proceed IFP pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), and regardless of whether their action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(2); *see also Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a properly supported Motion to Proceed IFP. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b). Accordingly, should Plaintiff wish to pursue this action, Plaintiff is hereby ORDERED to either pay the $402 civil filing and administrative fee or file a Motion to Proceed IFP **on or before December 14, 2023**.

The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[3]

**IT IS SO ORDERED.**

Dated: October 30, 2023

Hon. Cynthia Bashant
United States District Judge

---

[3] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $402 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").