UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH,<br>CDCR #P-64019,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT HAMPTON;<br>C/O FLORES; C/O COLON,<br><br>Defendants. | Case No.  3:23-cv-01978-BAS-JLB<br><br>**ORDER:  (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 5]** |

Michael Lenior Smith ("Plaintiff" or "Smith"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se and has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983.  *See* Compl., ECF No. 1. Smith did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he later filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 5.

/ / /

/ / /

1

## I.   Discussion

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Smith, however, "face an additional hurdle." *Id.*

In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") § 804(g), 28 U.S.C. § 1915(g) (1996) provides that prisoners with "three strikes" or more cannot proceed IFP. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). A prisoner has three strikes if

> on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted . . . .

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Thus, prior cases or appeals are considered strikes "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d at 1051–52 (9th Cir. 2007) ("*Cervantes*").

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon

2

reviewing its docket, and the docket of the Eastern District of California, the Court finds that Smith, while incarcerated, has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted which renders him ineligible to proceed IFP. Fed. R. Evid. 201(b)(2); *United States v. Smith*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

They are:

(1)    *Smith v. Blanas, et al.*, Civil Case No. 2:01-cv-01645-FCD-JFM (E.D. Cal. Aug. 27, 2001) (Order Adopting Findings and Recommendation Dismissing Action for Failing to State a Claim) (ECF No. 16) (strike one);

(2)    *Smith v. Yates, et al.*, Civil Case No. 1:09-00808-OWW-SMS (E.D. Cal. Mar. 8, 2010) (Order Adopting Findings and Recommendation Dismissing Complaint For Failing to State a Claim) (ECF No. 17) (strike two)[1];

(3)    *Smith v. Munoz, et al.*, Civil Case No. 1:13-cv-00387-BAM (E.D. Cal. Mar. 18, 2013) (Order Dismissing First Amended Complaint For Failing to State a Claim) (ECF No. 12) (strike three).

Accordingly, because Smith has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA. In order to do so, his pleadings must contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

(S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

In his Complaint, Smith alleges Defendants, all RJD correctional officers, violated his constitutional rights by failing to protect him from an attack by another inmate on August 2, 2021. *See generally* Compl. However, this attack is alleged to have occurred over two years ago and he does not sufficiently allege that he is in imminent threat of harm at the time he filed this action on October 19, 2023. Because Plaintiff is not facing a harm that is "ready to take place," or "hanging threateningly over [his] head," Smith does not meet the "imminent danger" exception to the three strikes rule. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II.    Conclusion and Order

For the reasons set forth above, the Court:

(1)    **DENIES** Smith's Motion to Proceed IFP (ECF No. 5) as barred by 28 U.S.C. § 1915(g);

(2)    **DISMISSES** this civil action without prejudice based on Smith's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);  and

(3)    **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated:

Hon. Cynthia Bashant
United States District Judge

3:23-cv-01978-BAS-JLB